Judge w iiaLi.vMs
We have decided in many instances -h.it an action of trover «ill lie against executors, but that was in cases where it appeared the estate of the. testator had been benefited by the conversion of the thing that was the subject of contest: as if a man take tny horse and sell him, or kill my bullock or tny sheep and eat him ; here the estate, of die testator is benefited, it is saved the expense of the purchase: but the decisions have never gone so far, as to make the action supportable against executors in a case like the present, where the testator disposed of the property without receiving any benefit from it; yet no case has ever negatived the position that trover will lie- even in such a case as this.
Judge Haywoojo — Troll and Hamlin decides that an action will not lie- against executors^ where the plea is, not guilty. Í am inclined to think that vvbr-e it is a part of the judgment as formerly rendered, quod defendens ca-piatur, the action will not lie against executors. Judgments formerly concluded, that the Defendant either should he in misericordia, or that he should be fined, et quod eapiatur pro Jine ¡ and this was in the, nature of a punishment to which executors were, never liable : they succeed to the, estate and become subject to such actions only as demand a satf-faction from that, not to ihe offen-ces and punishments due to their testators ; and thejudgment in the action of trover is not quod eapiatur. 8 Re. 59 6. It was in substance only an action of piopoüy.— If this position be true, tiie reason why an action will not lie against executors, will not apply to 'his case. There have been many decisions in this country, that the action of tiover will lie against executors ; and the reason they have gone upon is generally stated to be, that the estate of the testator ought to be liable where it has been benefited by the conversion. The example is usually put of killing uiy bullock and eating him, or taking my bullock and selling him ; but I can see no diífi renco in point of justice, between these examples and that of taking :ny bullock -and giving him away so that tne . wner loses him : the injury to the owner is as great in the latter instance *417 as jn ¿»ne former. At the last Wilmington term, the court' had such a case under consideration, and decided against the executors, and against the case of Hamly and Trott, upon the authority of the cases formerly decided in this country. One great reason of that decision was, to prevent a defect of justice; for where the property is tor-tiously taken and disposed of, or given away, as here, the action upon the case for an assumpsit will not lie against the executors, trespass will not lie against the executors, and if (rover will not, the injured party is without redress, although it .is evident some action of property should be maintainable. We will consider further of this case.
Afterwards at Salisbury, during the sitting of the court there the next term, the Judges Wqxums and Haywood certified that this action was maintainable against the executors, and directed the clerk to enter up judgment, and to issue execution thereupon.
Note. — Vide McKinnie’s Ex’rs. v. Oliphant’s Ex’rs. and the note thereto, ante 4.